UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

SECURITIES AND EXCHANGE COMMISSION,

          Plaintiff,

v.

GARY L. VALINOTI,

          Defendant.

---

### CONSENT OF DEFENDANT GARY L. VALINOTI

1. Defendant Gary L. Valinoti ("Defendant") waives service of a summons and the complaint in this action, enters a general appearance, and admits the Court's jurisdiction over Defendant and over the subject matter of this action.

2. Without admitting or denying the allegations of the complaint (except as to personal and subject matter jurisdiction, which Defendant admits), Defendant hereby consents to the entry of the final Judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things:

    (a) permanently restrains and enjoins Defendant from violation of Section 5 of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77e]; and

    (b) orders Defendant to pay disgorgement of $2,937,040 and pre-judgment interest of $1,399,977, for a total of $4,337,017 in partial discharge of which Defendant shall:

        (i) pay $50,000 in cash, $20,000 of which shall be paid within

        thirty (30) days of the date of the entry of the Final Judgment, and the remaining $30,000 of which shall be paid within one (1) year of the date of the entry of the Final Judgment;

(ii)    turn over the following shares of Jag Media Holdings, Inc. securities owned by him to Jag Media Holdings, Inc.'s transfer agent with instructions that they be cancelled: (a) 2,607,499 restricted common shares; (b) 898,749 common shares; and (c) 7,981 Class B – Series 2 shares. Such cancellation must occur within ten (10) business days of the date of the entry of the Final Judgment; and

(iii)    agree not to exercise his existing stock options to buy 1 million common shares of the securities of Jag Media Holdings, Inc. and instruct Jag Media Holdings, Inc. to cancel those options. Such cancellation must occur within ten (10) business days of the date of the entry of the Final Judgment.

3.    Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

4.    Defendant waives the right, if any, to a jury trial and to an appeal from the entry of the Final Judgment.

5.    Defendant enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission

or any member, officer, employee, agent, or representative of the Commission to induce Defendant to enter into this Consent.

6. Defendant agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

7. Defendant will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

8. Defendant waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant of its terms and conditions. Defendant further agrees to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendant has received and read a copy of the Final Judgment.

9. Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the claims asserted against Defendant in this civil proceeding. Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Defendant further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other

regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Defendant understands that he shall not be permitted to contest the factual allegations of the complaint in this action.

10. Defendant understands and agrees to comply with the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegation in the complaint or order for proceedings." 17 C.F.R. § 202.5. In compliance with this policy, Defendant agrees: (i) not to take any action or to make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; and (ii) that upon the filing of this Consent, Defendant hereby withdraws any papers filed in this action to the extent that they deny any allegation in the complaint. If Defendant breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this paragraph affects Defendant's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

11. Defendant hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States

acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendant to defend against this action. For these purposes, Defendant agrees that Defendant is not the prevailing party in this action since the parties have reached a good faith settlement.

12. Defendant agrees that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

13. Defendant agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.

Dated: 8/26, 2005

_____
By: Gary L. Valinoti

On this 26 day of August, 2005, Gary L. Valinoti, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent of Defendant Gary L. Valinoti.

_____
Notary Public   Attorney NJ

My Commission expires: _____

The foregoing Consent of
Defendant Gary L. Valinoti is approved as to form:

_____
Margaret Marrin Spencer, Esq.
Gage Spencer & Fleming LLP
410 Park Avenue
New York, NY 10022

Counsel for Defendant Gary L. Valinoti

5

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SECURITIES AND EXCHANGE COMMISSION, :
:
Plaintiff, :
:
v. :
:
GARY L. VALINOTI, :
:
Defendant. :

**FINAL JUDGMENT AS TO DEFENDANT GARY L. VALINOTI**

The Securities and Exchange Commission having filed a Complaint and Defendant Gary L. Valinoti ("Defendant") having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 5 of the Securities Act of 1933 [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

(a)    Unless a registration statement is in effect as to a security, making use of

any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b) Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c) Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding of examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable for disgorgement of $2,937,040, representing gains resulting from the conduct alleged in the Complaint, together with pre-judgment interest thereon in the amount of $1,399,977, for a total of $4,337,017. Defendant shall satisfy $571,707 of this obligation by:

(a) paying $50,000 in cash, $20,000 of which shall be paid within thirty (30) days from the date of the entry of this Final Judgment, and the remaining

$30,000 to be paid within one (1) year of the date of the entry of this Final Judgment;

(b) turning over the following shares of Jag Media Holdings, Inc. securities owned by him to Jag Media Holdings, Inc.'s transfer agent with instructions that they be cancelled: (a) 2,607,499 restricted common shares; (b) 898,749 common shares; and (c) 7,981 Class B – Series 2 shares. Defendant shall transmit evidence of the cancellation of those 3,514,229 shares of the securities of Jag Media Holdings, Inc., valued at $421,707 ($0.12 per share), within ten (10) business days of the entry of this Final Judgment to the Commission's counsel in this action. By directing the cancellation of those shares, Defendant relinquishes all legal and equitable right, title, and interest in such shares, and no part of the shares shall be returned to Defendant; and

(c) agreeing not to exercise his existing stock options to buy 1 million common shares of the securities of Jag Media Holdings, Inc. and instruct Jag Media Holdings, Inc. to cancel those options. Defendant shall transmit evidence of the cancellation of those options, valued at $100,000 ($0.10 per option), within ten (10) business days of the entry of this Final Judgment to the Commission's counsel in this action. By directing the cancellation of those stock options, Defendant relinquishes all legal and equitable right, title, and interest in such options, and no part of the options shall be returned to Defendant.

The Commission may enforce the Court's judgment for disgorgement and prejudgment

3

interest by moving for civil contempt (and/or through other collections procedures authorized by law): (1) at any time after ten days following entry of this Final Judgment, with respect to $3,765,310 of the disgorgement and prejudgment interest; or (2) in the event the Defendant fails to make a payment under (a) above or take an action under (b) or (c) on the day prescribed, at any time after ten days thereafter with respect to the amount specified under the pertinent provision (a), (b) or (c) with respect to which the failure occurs. In response to any civil contempt motion by the Commission, the Defendant may assert any legally permissible defense.

III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that all monetary payments of disgorgement and pre-judgment interest shall be made by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission. The payment shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, Operations Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312, and shall be accompanied by a letter identifying Gary L. Valinoti as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. Defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961. A copy of the cover letter and money order or check shall also be sent to James Bresnicky, Senior Counsel, Division of Enforcement, Securities and Exchange Commission, 100 F Street, N.E., Washington, D.C. 20549-5561.

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Date: _____, 2005

_____
UNITED STATES DISTRICT COURT JUDGE