UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SECURITIES AND EXCHANGE COMMISSION, :
:
                    Plaintiff,        :
:
              v.                                    :
:
GARY L. VALINOTI,                  :
:
                  Defendant.     :

## FINAL JUDGMENT AS TO DEFENDANT GARY L. VALINOTI

The Securities and Exchange Commission having filed a Complaint and Defendant Gary L. Valinoti ("Defendant") having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 5 of the Securities Act of 1933 [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

    (a)    Unless a registration statement is in effect as to a security, making use of

any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b) Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c) Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding of examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable for disgorgement of $2,937,040, representing gains resulting from the conduct alleged in the Complaint, together with pre-judgment interest thereon in the amount of $1,399,977, for a total of $4,337,017. Defendant shall satisfy $571,707 of this obligation by:

(a) paying $50,000 in cash, $20,000 of which shall be paid within thirty (30) days from the date of the entry of this Final Judgment, and the remaining

    $30,000 to be paid within one (1) year of the date of the entry of this Final Judgment;

(b)  turning over the following shares of Jag Media Holdings, Inc. securities owned by him to Jag Media Holdings, Inc.'s transfer agent with instructions that they be cancelled: (a) 2,607,499 restricted common shares; (b) 898,749 common shares; and (c) 7,981 Class B – Series 2 shares. Defendant shall transmit evidence of the cancellation of those 3,514,229 shares of the securities of Jag Media Holdings, Inc., valued at $421,707 ($0.12 per share), within ten (10) business days of the entry of this Final Judgment to the Commission's counsel in this action. By directing the cancellation of those shares, Defendant relinquishes all legal and equitable right, title, and interest in such shares, and no part of the shares shall be returned to Defendant; and

(c)  agreeing not to exercise his existing stock options to buy 1 million common shares of the securities of Jag Media Holdings, Inc. and instruct Jag Media Holdings, Inc. to cancel those options. Defendant shall transmit evidence of the cancellation of those options, valued at $100,000 ($0.10 per option), within ten (10) business days of the entry of this Final Judgment to the Commission's counsel in this action. By directing the cancellation of those stock options, Defendant relinquishes all legal and equitable right, title, and interest in such options, and no part of the options shall be returned to Defendant.

The Commission may enforce the Court's judgment for disgorgement and prejudgment

interest by moving for civil contempt (and/or through other collections procedures authorized by law): (1) at any time after ten days following entry of this Final Judgment, with respect to $3,765,310 of the disgorgement and prejudgment interest; or (2) in the event the Defendant fails to make a payment under (a) above or take an action under (b) or (c) on the day prescribed, at any time after ten days thereafter with respect to the amount specified under the pertinent provision (a), (b) or (c) with respect to which the failure occurs. In response to any civil contempt motion by the Commission, the Defendant may assert any legally permissible defense.

III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that all monetary payments of disgorgement and pre-judgment interest shall be made by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission. The payment shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, Operations Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312, and shall be accompanied by a letter identifying Gary L. Valinoti as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. Defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961. A copy of the cover letter and money order or check shall also be sent to James Bresnicky, Senior Counsel, Division of Enforcement, Securities and Exchange Commission, 100 F Street, N.E., Washington, D.C. 20549-5561.

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Date: _____, 2005

_____
UNITED STATES DISTRICT COURT JUDGE